IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARLA DICANIO,

      Plaintiff,                      14cv1273
                                      **ELECTRONICALLY FILED**

      v.

NORFOLK SOUTHERN RAILWAY
COMPANY,

      Defendant.

### MEMORANDUM ORDER OF COURT RE: DEFENDANT'S MOTION TO DISMISS (DOC. NO. 18)

**I. Introduction**

This case centers on alleged violations of the Family and Medical Leave Act, 28 U.S.C. § 2601 *et seq.*, ("FMLA") (Count I-denial of benefits and failure to reinstate) and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, (Counts II-failure to accommodate and III-disability discrimination) by Marla Dicanio's ("Plaintiff's") former employer, Norfolk Southern Railway Company ("Defendant").[1] Plaintiff's Amended Complaint, Doc. No. 16. Defendant moves this Court to dismiss Count III of Plaintiff's Amended Complaint, with prejudice. Doc. No. 18. Plaintiff opposes Defendant's Motion. Doc. No. 20. The matter is fully briefed and ripe for disposition.

After consideration of Plaintiff's Amended Complaint, Defendant's Motion, and briefs in support and opposition thereto, Defendant's Motion will be GRANTED. Doc. Nos. 16, 18, 19, 20, 22.

---

[1] Plaintiff's original Complaint included the following Counts: (1) Count I-denial of benefits and failure to accommodate, in violation of the FMLA; and (2) Count II-violation of the Rehabilitation Act related to Plaintiff's bowel and waste elimination functions. The original Complaint did not include allegations of discrimination based upon her alleged or perceived past alcoholism as contained in Count III of the Amended Complaint. See Doc. No. 1.

## II. Statement of Facts

The facts of the case, as set forth in Plaintiff's Amended Complaint and taken as true solely for the purpose of this Memorandum Order, are:

Plaintiff was employed by Defendant as a locomotive engineer from November 23, 1997 until September 27, 2012. Doc. No. 16, ¶ 9. In and around June of 2011, Plaintiff was charged with possession of alcohol on company property. Id. at ¶ 10. Plaintiff entered into an agreement to attend alcohol rehabilitation. Id.

Plaintiff returned to work in February of 2012. Id. at ¶ 11. During this time period, Plaintiff was supervised by company officer Darnell Woods. Id. at ¶ 12. On July 5, 2012, individuals within Defendant's medical department decided to submit Plaintiff to a test to determine whether she was using prohibited drugs and/or alcohol. Id. at ¶ 13. The test had to be completed within fourteen (14) days of the department's decision to test Plaintiff and Plaintiff had to submit to a test within three hours of being informed of the testing. Id. at ¶¶ 13, 19.

On or about July 7, 2012, Plaintiff was called to report to work at 3:00AM the next day. Id. at ¶ 14. Plaintiff phoned her conductor to inform the company that she was delayed and had to stop at the store for medicine. Id. Plaintiff also informed J.E. Nadzam, the Road Foreman of Engines of her delay. Id.

Plaintiff reported to work, where Nadzam observed her holding her lower abdomen. Id. at ¶ 15. Plaintiff stated to Nadzam that she was sick and needed to vomit. Id. Plaintiff was not observed to smell of alcohol. Id. at ¶ 16. Nadzam understood that Plaintiff was unlikely able to work at that moment. Id. at ¶ 15. Nadzam then informed Plaintiff that she was scheduled for a drug test. Id.

Plaintiff became ill and left work. Id. at ¶ 17. Nadzam phoned Plaintiff, who informed him that she was at a grocery store to get medicine and needed to change her now soiled

clothing. Id. Nadzam called Supervisor Woods, who called another engineer to report for the shift and cancelled Plaintiff's drug test. Id. at ¶ 18. Plaintiff called Nadzam so that she could return to work to take the drug/alcohol test and/or go to the hospital for testing. Id. at ¶ 19. This phone call was approximately two hours and seven minutes after Plaintiff was informed that she would be tested. Id. Supervisor Woods would not permit Plaintiff to return to work or take the drug/alcohol test. Id. Plaintiff was held off of work pending an investigation. Supervisor Woods took these actions because of his knowledge of her past alcoholism. Id. at ¶ 20.

The next day, Plaintiff made an appointment with her doctor for July 10, 2012. Id. at ¶ 21. In a letter dated July 12, 2012, Nadzam instructed Plaintiff to report for a formal investigation for "failure to cooperate with follow-up drug and alcohol testing when you failed to remain available for a follow-up urine drug screen and breath alcohol test by leaving the property prior to completion of the test, which constitutes a refusal to test." Id. at ¶ 22. A hearing was held on September 17, 2012, and included presentation of medical evidence from Plaintiff's physician. Id. at ¶ 23. Plaintiff was terminated, by letter, on September 27, 2012. Id. at ¶ 24.

### III. Standard of Review

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit

3

explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

### IV. Discussion

Defendant moves this Court to dismiss Count III and contends that the count is barred by the applicable statute of limitations. Doc. No. 19, 3. Plaintiff, in Count III, contends that she

4

was subject to discrimination, in violation of the Rehabilitation Act, because Defendant refused to allow her to take the July 7, 2012, drug and alcohol test within the permissible three hour time limit because of her known record of past alcoholism. Doc. No. 16, 7. Defendant notes that Section 504 of the Rehabilitation Act does not have its own statute of limitation, but United States District Courts within the Commonwealth of Pennsylvania have adopted a two year statute of limitations for claims arising under the section. Doc. No. 19, 4 citing *Disabled in Action of Pennsylvania v. SEPTA*, 539 199, 208 (3d Cir. 2008). Plaintiff initiated this litigation by filing a Complaint on September 16, 2014. Doc. No. 1. Plaintiff filed an Amended Complaint on January 5, 2015. Doc. No. 16. According to Defendant, the statute of limitations for Plaintiff's Section 504 claim expired on September 27, 2014 (two years after Plaintiff's September 27, 2012 termination) and any claims in the January 5, 2015, Amended Complaint would be time-barred unless the claims comport with the requirements of Federal Rule of Civil Procedure 15. Plaintiff does not dispute these date calculations.

Federal Rule of Civil Procedure 15(c)(1)(B) provides that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." The United States Court of Appeals for the Third Circuit has provided that "transaction or occurrence" as used in Rule 15 shall be defined as a "common core of operative facts in the two pleadings." *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004). Here, the Court must determine whether Plaintiff's Section 504 claim for disability discrimination (Count III), which was not contained in the original Complaint, relates back to the claims contained within her original Complaint pursuant to Federal Rule of Civil Procedure 15(c).

The sole reference to alcohol/alcoholism in Plaintiff's original Complaint is: "Mr. Nadzam acknowledged that [Plaintiff] did not smell like alcohol when she told him she was sick and holding her side." Doc. No. 1, ¶ 16. Plaintiff's Amended Complaint contained this statement and the following additional averments related to discrimination based upon alcoholism:

- On or about June of 2011, [P]laintiff was charged with possession of alcohol on company property. Although it is undisputed that [P]laintiff did not use alcohol at work, [P]laintiff entered into an agreement to attend alcohol rehabilitation;
- Mr. Darnell Woods, her supervisor, was the original company officer in the 2011 event, and was aware of the charge against [P]laintiff and her subsequent completion of the rehabilitation program for alcoholism, a covered disability under the Rehabilitation Act; and
- Mr. Darnell Woods refused to permit Ms. DiCanio from taking her test, even within the three hour limit, based upon his perception and record of [P]laintiff's disability, ie. past alcoholism which is a covered disability.

Doc. No. 16, ¶¶ 10, 12, 20.

While Plaintiff's allegations in both the original and amended Complaints relate to the attempted drug test on July 8, 2012, and her subsequent termination, only the Amended Complaint contains any allegation that Defendant's actions were based upon Plaintiff's history of alcoholism, or indeed that Defendant was aware of any past history of alcohol disability. Plaintiff's original Complaint, even when read in the light most favorable to Plaintiff, cannot be said to have set forth any version of her later claim for alcohol disability and therefore, the claim contained in her Amended Complaint does not "restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading." *Anderson v. Bondex Intern., Inc.*, 552 Fed.Appx. 153,

157 citing *Bensel*, 387 F.3d at 310. Rather, Plaintiff's Amended Complaint sets forth a new strain of operative facts and a new legal theory, which are distinct from those contained within the original Complaint. As such, Plaintiff's alcohol disability claim does not relate back to the original Complaint.

Furthermore, the Court must also determine whether Defendant had fair notice of the general factual situation and legal theory of Plaintiff's claim for disability discrimination based upon her history of alcoholism. *Bensel*, 387 F.3d at 310 citing *Michelsen v. Penney*, 135 F.2d 409, 416-17 (2d Cir. 1943). The operative document for this determination is Plaintiff's original Complaint. Doc. No. 1. As previously stated, there is only one mention of alcohol in Plaintiff's original Complaint and that sole mention is that Plaintiff did not smell like alcohol when she was informed that she was scheduled for a drug test. Doc. No. 1, ¶ 16. This factual averment, especially in light of it being a statement in the negative, would not have placed Defendant on notice that Plaintiff was alleging discrimination based upon alcoholism or that Plaintiff alleged that she was not allowed to take the test because "defendant prematurely concluded that she must have been drinking." See Doc. No. 20, 3.

Therefore, because Plaintiff's claim for disability discrimination based upon alcoholism does not arise out of any transaction or occurrence set forth in the original Complaint and the factual averments in the original Complaint would not have provided Defendant with fair notice of a claim for disability discrimination, Count III of Plaintiff's amended Complaint does not relate back to the date of the original pleading. In sum, Plaintiff's claim for disability discrimination based on alcohol, as contained in Count III of the Amended Complaint, is considered to have been first pled on January 5, 2015, which is beyond the applicable statute of limitation. Accordingly, this claim must be dismissed with prejudice.

## V. Conclusion/Order

AND NOW, this 30th day of January, 2015, IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint (Doc. No. 18) is **GRANTED**. Count III of Plaintiff's Amended Complaint, disability discrimination in violation of the Rehabilitation Act, is **DISMISSED WITH PREJUDICE**. The case will proceed as to Count I, denial of benefits and failure to reinstate, in violation of the FMLA, and Count II, failure to accommodate, in violation of the Rehabilitation Act.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc: All Registered ECF Counsel and Parties