IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARLA DICANIO,

    Plaintiff,

        v.

NORFOLK SOUTHERN RAILWAY COMPANY,

    Defendant.

14cv1273
**ELECTRONICALLY FILED**

# MEMORANDUM ORDER OF COURT RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 31)

## I. Introduction

In an Amended Complaint, Plaintiff pled the following three counts: (1) Count I-denial of benefits and failure to reinstate, in violation of the Family and Medical Leave Act ("FMLA"); (2) Count II-failure to accommodate, in violation of the Rehabilitation Act, related to Plaintiff's bowel and waste elimination functions; and (3) Count III-disability discrimination, in violation of the Rehabilitation Act. Doc. No. 16. The Court dismissed Count III with prejudice, upon Defendant's Motion to Dismiss, because the claims set forth in the count were barred by the applicable statute of limitations and did not relate back to the claims of the original Complaint. Doc. No. 23. Defendant did not move this Court to dismiss Counts I or II. Doc. No. 18.

Presently before this Court is a Motion for Summary Judgment, in which Defendant moves this Court to enter summary judgment in its favor as to Plaintiff's remaining claims. Doc. No. 31. Plaintiff wholly opposes this Motion. Doc. No. 36. After consideration of Defendant's Motion for Summary Judgment and the related filings from both Parties, Defendant's Motion will be GRANTED IN PART AND DENIED IN PART, for the following reasons. Doc. Nos. 30-33, 36-38.

## II. Statement of Facts

As noted in the Court's Memorandum Order on Defendant's Motion to Dismiss, this case centers on interactions on July 8, 2012, between Plaintiff and her supervisors prior to and after she was informed that she would be subject to a drug and alcohol test. Doc. No. 23.

Defendant moves this Court to enter summary judgment in its favor as to Count I on the following grounds: (1) Plaintiff was not eligible for FMLA leave because she did not have sufficient qualifying work hours; (2) Plaintiff did not notify Defendant of her need for FMLA leave; (3) Plaintiff did not have a serious health condition; and (4) Defendant had an independent reason for discharging Plaintiff.

As to Count II, Defendant argues that an entry of summary judgment in its favor is appropriate because: (1) individuals involved in Plaintiff's discharge did not know that she had a covered disability; and (2) Plaintiff did not request or suggest the need for an accommodation.

Defendant contends that there are no genuine issues of material fact that would preclude the entry of summary judgment as to either count.

## III. Standard of Review

The Court shall grant summary judgment if, drawing all inferences in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010); *Manolovich v. Park*, 461 Fed. Appx. 187, 190 (3d Cir. 2012).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986); *see also Smith v. Borough of Dunmore*, 516 Fed. Appx. 194, 200 (3d Cir. 2013). Disputes must be

both material, meaning concerning facts that will affect the outcome of the issue under substantive law, and genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011); *see also S.H. ex rel. Durrell v. Lower Merion School Dist.*, 729 F.3d 248 (3d Cir. 2013).

In reviewing a motion for summary judgment, the court does not make credibility determinations, and summary judgment is "inappropriate when a case will turn on credibility determinations." *El v. Southeastern Pennsylvania Transp. Auth.*, 479 F.3d 232 (3d Cir. 2007).

### IV. Discussion

The Court will address Defendant's arguments as to Counts I and II in turn.

*A. Count I- Denial of Benefits and Failure to Reinstate, in violation of the FMLA*

Defendant argues that summary judgment should be entered in its favor as to Count I because: (1) Plaintiff was not eligible for FMLA leave because she did not have sufficient qualifying work hours; (2) Plaintiff did not notify Defendant of her need for FMLA leave; (3) Plaintiff did not have a serious health condition; and (4) Defendant had an independent reason for discharging Plaintiff.

The Court will first address whether Plaintiff was eligible for FMLA leave on July 8, 2012, because it is the dispositive issue. Both Parties agree that an employee is eligible for FMLA protection if she has been employed "for at least 1,250 hours of service during the previous 12-month period" immediately preceding the leave. 29 U.S.C. § 2611(2)(A)(ii). There is also no dispute that Plaintiff was "on-the-engine" for fewer than 1,250 hours in the relevant 12-month period and that Plaintiff would have at least 1,250 hours of service if her "off-the-

engine" time was considered. Doc. No. 32, 10 (Defendant estimates that the "on-the-engine" calculation is 838 hours); Doc. No. 36, 5.

In the light most favorable to Plaintiff, the following is a recitation of Plaintiff's "off-the-engine" time:

> Plaintiff was a Locomotive Engineer at the time of her discharge. Doc. No. 38, ¶ 2. She operated a freight train from Conway, Pennsylvania to Toledo, Ohio. Id. at ¶ 3. A one-way trip from Conway to Toledo averaged 8-10 hours. Id. Once Plaintiff arrived in Toledo, she was required to wait for a return train to Conway after the expiration of an eight-hour federally-mandated rest period. Id. at ¶¶ 3, 4, 6. This wait period averaged 16-20 hours, during which time Plaintiff spent the evenings at a hotel provided by and paid for by Defendant. Id. at ¶ 3. Plaintiff was subject to Defendant's rules while waiting as well as subject to call-in from her employers. Id. After an eight hour rest period, Plaintiff was required to answer telephone calls from Defendant and if she missed the call, she would be subject to discipline. Id. at ¶ 4. Once called, Plaintiff was required to report to the Toledo terminal within two hours. Id. at ¶¶ 3-5. Defendant remained at the hotel during these "off-the-engine" wait times actively waiting to be called on the hotel room telephone. Id. at ¶ 6.

There are no genuine issues of material fact as to this "off-the-engine" time. *See Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986) and *Renfro v. City of Emporia*, 948 F.2d 1529, 1536 (10th Cir. 1991) (cited at *Ingram*, 144 F.3d at 267 for the proposition that how a plaintiff spends on-call time is one of fact and cannot be resolved on summary judgment if there are genuine issues of material fact.)

4

The determinative issue before this Court is whether the "off-the-engine" time Plaintiff was required to spend in Toledo, Ohio "engaged to wait" for a return train to Conway, Pennsylvania should be considered for purposes of the calculation of hours of service for FMLA eligibility. The Court finds that it should not.

As noted by the Parties, the key test as to whether these wait periods qualify as service for the FMLA is whether these periods were "predominately for the employer's benefit or for the employee's." *Skidmore v. Swift & Co.*, 323 U.S. 134, 137 (1944).

The Court acknowledges that Plaintiff's requirement to return a call-in from Defendant within fifteen minutes and to comply with Defendant's rules "including [a] prohibition against cursing" placed some restrictions on her time "off-the-engine." However, these restrictions are not so distinct from similar restrictions placed upon many employees who answer emails outside of work hours, are bound by morality clauses, and cannot travel to far away locales before the next work shift, such that Plaintiff's "off-the engine" time should qualify as hours of service. By Plaintiff's own admission, she was not required to wait in her hotel room for a call-in from Defendant. Doc. No. 36, 5 ("The crew caller would first call the hotel and be transferred to the employee's room then, if the employee could not be reached, he or she would call the employee's cell phone.") Plaintiff had a cell phone and, therefore, was not bound to remain in her room. Doc. No. 37, ¶ 22.

Plaintiff has not advanced any evidence that she was expected to work during her "off-the-engine" wait time or that she was frequently subject to phone calls or demands from her former employer during these periods. Plaintiff's "off-the-engine" wait times were just that, waiting, not service or other activities "predominately for the employer's benefit." Therefore, these periods should not be considered in the calculation of Plaintiff's qualifying hours of service

5

for FMLA leave. This finding conforms with the holding of the United States Court of Appeals for the Third Circuit in *Ingram v. County of Bucks*, 144 F.3d 265 (3d Cir. 1997) (on-call time of Deputy Sheriffs, during which the Deputies were not required to remain at the Sheriff's office or wear a uniform was not compensable under the FMLA) and the factually similar and instructive case, cited by Defendant, of *Brotherhood of Locomotive Engineers and Trainmen v. Union Pacific R. Co.*, 2009 WL 2985694 (N.D. Ill. Sept. 15, 2009) (time spent on "OK status" near away from home terminals is not work under the FMLA). *Ingram*, 144 F.3d, at 268-271; *Brotherhood*, 2009 WL 2985694, at * 5.

Therefore, because the Court finds that Plaintiff did not have at least 1,250 hours of service during the relevant 12 month period, Plaintiff is not eligible for FMLA leave and summary judgment must be entered in Defendant's favor as to Count I. The Court will not address any of Defendant's further arguments as to Count I because it is not necessary to.

*B. Count II- Failure to Accommodate, in violation of the Rehabilitation Act*

Plaintiff, at Count II, alleges that her impaired digestive and elimination systems substantially limited her life functions, and Defendant denied her requested accommodations, which violated the Rehabilitation Act. Defendant moves this Court to enter summary judgment in its favor on this claim because Plaintiff allegedly never informed anyone that she had irritable bowel syndrome ("IBS") and Plaintiff does not have reason to believe that any of Defendant's employees in positions of authority knew about her IBS. Specifically, Defendant points to the following: (1) the primary decision-makers, Rodney Moore and Barbara Taylor, did not know Plaintiff; (2) Darnell Wood did not know Plaintiff had any medical problems until she was deposed; (3) limited medical information was presented to the Union; and (4) there is no evidence that Plaintiff requested a leave of absence. Doc. No. 32, 16.

To establish a *prima facie* case for a failure to accommodate in violation of the Rehabilitation Act, Plaintiff must establish that: (1) Defendant knew about her disability; and (2) Plaintiff requested an accommodation or assistance for her disability. *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 772 (3d Cir. 2004).

The Court finds that although limited, there is sufficient evidence to prohibit a grant of summary judgment on this claim, especially in light of the myriad of factual disputes including: whether Defendant should have been aware that Plaintiff left the terminal because of an illness; whether Plaintiff's doctors' recommendation that she be off of work from July 7-July 10, 2012 (which includes the date of attempted testing) was a requested accommodation; and whether Plaintiff's request to take the drug and alcohol test at the hospital after she left Defendant's property was reasonable. These determinations rely, in large part, on credibility determinations, which may not be made by the Court.

Therefore, Defendant's Motion for Summary Judgment will be denied as to Count II.

## V. Conclusion/Order

AND NOW, this 12th day of March, 2015, IT IS HEREBY ORDERED THAT Defendant's Motion for Summary Judgment (Doc. No. 31) is GRANTED IN PART AND DENIED IN PART as follows:

(1) Defendant's Motion is **GRANTED as to Count I**, Denial of Benefits and Failure to Reinstate, in violation of the FMLA;

(2) Judgment is entered in favor of Defendant and against Plaintiff as to Count I;

(3) Defendant's Motion is **DENIED as to Count II**, Failure to Accommodate, in violation of the Rehabilitation Act;

(4) This case will proceed solely as to Count II, in accordance with this Court's previously filed Case Management and Pretrial Orders (Doc. Nos. 12 and 13).

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties