IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARLA DICANIO,

    Plaintiff,

v.

NORFOLK SOUTHERN RAILWAY COMPANY,

    Defendant.

14cv1273
**ELECTRONICALLY FILED**

## ORDER OF COURT RE: OBJECTIONS TO AUTHENTICITY AND/OR ADMISSIBILITY CONTAINED WITHIN JOINT EXHIBIT LIST CHART (DOC. NO. 58)

Presently before this Court are evidentiary objections, pursuant to the Federal Rules of Evidence, which are contained within a Joint Exhibit List Chart. Doc. No. 58. The Court has been provided with copies of the exhibits, enabling rulings on the Parties' objections.

AND NOW, this 1st day of April, 2015, IT IS HEREBY ORDERED THAT:

1. Defendant's objections to the following Plaintiff's exhibit is **SUSTAINED**:

   a. P-21 (sustained without objection as to Dr. Simons' affidavit)

2. Defendant's objections to the following Plaintiff's exhibits are **OVERRULED**:

   a. P-2 (overruled, at this juncture, as Plaintiff does not intend to offer them for the truth of the matter asserted and therefore, the documents are not hearsay. Defendant may re-raise an objection during trial, based upon Plaintiff's use of the documents. However, the Court notes that almost all of the documents contained in P-2 are identical to material contained in D-20, which Defendant offers as evidence);

- b. P-21 (overruled, pursuant to Federal Rule of Evidence 803(6), as to Dr. Simons' exhibits. Further, the Court notes that all of the documents contained in P-21 are identical to material contained in D-20, which Defendant offers as evidence); and
- c. P-24 (overruled as premature, in light of the pending Motion in Limine (Doc. No. 46); objection may be re-raised following the Court's ruling on this Motion)

3. Defendant, with consultation with Plaintiff, may provide a limiting instruction as to P-25 on or before April 6, 2015;
4. Plaintiff's objections to the following Defense exhibits are **SUSTAINED**:
   - a. D-1, D-2, D-3, D-4, D-5, D-6, D-17, D-54, D-55, D-56, D-57 (objection sustained because these documents do not have any tendency to make a fact, of consequence, more or less probable and thus, are irrelevant. Fed.R.Evid. 401, 402. As the jury will be instructed, their role is to apply the facts of the case to the applicable elements of Plaintiff's Rehabilitation Act claim to determine whether Defendant is liable. Defendant does not allege that Plaintiff was terminated from her employment because of her prior incidents of alcohol consumption, in conjunction with her employment. Rather, Defendant contends that Plaintiff was terminated because she refused to submit to a drug and alcohol test, when notified of the testing. The key determination is not Plaintiff's past work-related conduct or why Plaintiff was subject to testing, but what occurred after she was notified of the testing. Information contained within the above-noted documents do not make any of the factual determinations necessary to determine whether Plaintiff was terminated for failure to submit to a test more or less probable and therefore, these documents are not relevant. Fed.R.Evid. 401, 402);

b. D-22, D-23, D-24, D-25 (objection sustained because Defendant's post-termination actions and Plaintiff's appeal of her termination are not relevant to the jury's determination of whether Plaintiff's termination, and Defendant's related actions, violated the Rehabilitation Act. In other words, whether the United Transportation Union and Public Law Board found that her dismissal was proper has no relevance as to Defendant's liability because this evidence does not tend to make any fact prior to or related to the reasons for Plaintiff's termination more or less probable. Fed.R.Evid. 401, 402)[1];

c. D-27 (objection sustained because Plaintiff's Facebook updates about alcohol and marijuana, posted two years after her termination, are not relevant to either Plaintiff's claims or Norfolk Southern's presentation of a defense because the posts do not tend to make any consequential fact more or less probable. Fed.R.Evid. 401, 402); and

d. D-51, D-52 (objection sustained because Defendant's training materials, which are dated or presented after Plaintiff's termination, do not tend to make a fact of consequence in determining the action more or less probable. Fed.R.Evid. 401, 402)

5. Plaintiff's objections to the following Defense exhibits are **OVERRULED**:

a. D-19, D-33, D-41, D-45, D-53 (objections overruled because this information is relevant to Defendant's drug testing policy and procedures, and the consequences of refusing to test, including the hearing requirements, and how the uniform rules were/should have been applied to Plaintiff once she was notified of the testing, which

---

[1] The Court recognizes that D-25 is the subject of Plaintiff's Motion in Limine to Preclude Testimony or Evidence of the Public Law Board Decision (Doc. No. 61). Defendant has not yet replied to this Motion as the April 2, 2015, at NOON, deadline has not yet passed. Therefore, Plaintiff may re-raise any objection to D-25 based upon the Court's ruling on the underlying Motion in Limine.

is one of the key factual determinations that the jury must make during trial. As to D-41, presentation of this document will be solely limited to evidence/argument that Plaintiff was subject to testing on the date in question in compliance with Defendant's rules, not why Plaintiff was subject to testing or any of her past work misconduct. The Court cautions both Parties that no evidence shall be presented as to Plaintiff's past violation of Rule G and no reference shall be made to any past misconduct related to alcohol consumption. These manuals do not directly relate to Plaintiff or any character evidence and therefore, Federal Rule of Evidence 404(b) is not implicated and need not be addressed. The probative value of these documents is not substantially outweighed by the danger of the risks identified in Federal Rule of Evidence 403);

b. D-39 (objection overruled, but only to the extent that Defendant attempts to use the document to demonstrate that it did not have notice of Plaintiff's bowel and elimination function impediments); and

c. D-40 (objection overruled, provided that Defendant lays a foundation as a business record exception to the hearsay rule, Fed.R.Evid. 803(6))

6. The trial scheduled to commence on April 13, 2015, will proceed in accordance with these evidentiary rulings.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties