IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARLA DICANIO,

      Plaintiff,

      v.

NORFOLK SOUTHERN RAILWAY
COMPANY,

      Defendant.

14cv1273
**ELECTRONICALLY FILED**

## ORDER OF COURT RE: PARTIES' REMAINING MOTIONS IN LIMINE
## (DOC. NOS. 46, 50, AND 61)

Presently before this Court are Motions *in Limine* filed by the Parties, in advance of the upcoming jury trial, which is scheduled to begin on August 24, 2015. Doc. Nos. 46, 50, 61. The issues have been fully briefed and are ripe for disposition. Doc. Nos. 47, 51, 62, 68-69, 71. After consideration of these matters, including oral argument during the Preliminary Pretrial Conference, the following Order is entered:

1. Defendant's Motion *in Limine* Regarding the Value of Medical and Other Fringe Benefits (Doc. No. 46) is **GRANTED**. In this Motion, Defendant moves this Court to exclude evidence and testimony relating to the value of any lost medical and other fringe benefits because damages should only be awarded for "out-of-pocket" costs. Plaintiff opposes this Motion. Doc. No. 71, pg. 3. Plaintiff's presentation of evidence as to her proposed damages for medical and other fringe benefits shall be limited to actual "out-of-pocket" losses. *See Bradford v. UPMC*, 2008 WL 191706, at *6 (W.D. Pa. Jan. 18, 2008)(McVerry, J.). Limiting Plaintiff's potential recovery for medical and other benefits to actual sums spent to obtain alternate coverage conforms with the purposes of

damages awards in employment discrimination cases, which is to make the aggrieved party whole.;

2. Defendant's Motion *in Limine* to Exclude Certain Testimony of Dr. Bernie Simons (Doc. No. 50) is **GRANTED IN PART AND DENIED IN PART**. Defendant moves this Court to find that Dr. Simons: (1) may only testify as a fact witness because he has not filed an expert report pursuant to either Federal Rule of Civil Procedure 26(a)(2)(B) or (a)(2)(C); (2) may not testify as to matters outside his personal knowledge or for which a foundation of personal knowledge is not laid; (3) be excluded from testifying as to Plaintiff's diagnosis of Irritable Bowel Syndrome ("IBS") and describing symptoms of IBS in individuals other than Plaintiff; and (4) be excluded from testifying about Plaintiff's colonoscopy and polyps excision in August 2012 because these procedures do not relate to IBS. Doc. No. 50.

In response to this Motion, Plaintiff contends that Dr. Simons' proposed testimony is proper because "his testimony is restricted to his treatment of Ms. DiCanio and does not extend into the zone of expert testimony." Doc. No. 71, pg. 1. Federal Rule of Evidence 701 provides limitations for opinion testimony by a lay witness, including that the testimony is "rationally based on the witness's perception." Dr. Simons may testify, during trial, as to his treatment, examination, and diagnosis of Plaintiff, including Plaintiff's 2012 colonoscopy and polyps excision because these procedures have a tendency to make a consequential fact more or less probable. Fed.R.Evid. 401. However, Dr. Simons may not testify as to matters outside of his personal knowledge because such testimony would constitute improper expert testimony. As noted during the Preliminary Pretrial Conference, to the extent either party wishes to rely on Plaintiff's

diagnosis of IBS by Plaintiff's gastroenterologist, Dr. Roseman, this evidence shall be presented through Dr. Roseman's direct testimony during trial or a videotaped deposition.;

3. Plaintiff's Motion *in Limine* to Preclude Testimony or Evidence of Plaintiff's Rule G Violation and Subsequent Treatment with Norfolk Southern's Drug and Alcohol Rehabilitation Services ("DARS") (Doc. No. 61) is **GRANTED**. Plaintiff moves this Court to preclude testimony or evidence of her prior work-related alcohol consumption and subsequent treatment. Here, Plaintiff was punished for one action (alcohol consumption), which included provisions for further drug and alcohol testing, and then terminated for allegedly failing to submit to the required testing; this is not a situation where an employee was warned of conduct and notified that similar conduct would cause the employee to be subject to termination. As noted by the Court in its evidentiary rulings, the key determination in this case is what happened after Plaintiff was informed that she was subject to testing on July 8, 2012. Why Plaintiff was subject to testing does not have a proper purpose because it could only be used to attempt to show that Plaintiff has a past history of alcohol consumption during her employment, which would unduly prejudice Plaintiff.

Defendant argues that this information is relevant to the determination of whether Plaintiff was "otherwise qualified." However, refusal to submit to a test, in and of itself, renders an individual ineligible for duty and the jury may be informed of the same. While Plaintiff's prior Rule G may be relevant to why Plaintiff refused testing, that is not what is at issue in this case. Rather, the jury's inquiry must focus on Defendant's actions and whether it denied a reasonable accommodation in conjunction with the testing. The

3

transcript of the September 17, 2012 formal investigation of Plaintiff's alleged refusal to test confirms this; the hearing officers and others present focused on the actions of Plaintiff and her supervisors when she was informed of the testing, not why she was subject to testing or her previous alcohol violation.

The Court finds that Defendant's concerns about the effects of Plaintiff's Rule G violation on damages may be allayed by a post-trial motion, if the jury finds Defendant liable. This is especially true where two of the three jury interrogatories on damages are advisory. Therefore, Plaintiff's past Rule G Violation and DARS treatment is both irrelevant to the jury's determination of liability and will not be admitted pursuant to Federal Rule of Evidence 404(b).[1];

4. Plaintiff's Motion *in Limine* to Preclude Testimony or Evidence of the Public Law Board Decision and Related Appeal Documents (Doc. No. 61) is **GRANTED**. The Court recognizes that the United States Supreme Court has ruled that a labor board decision may be admitted as evidence and afforded the weight a court deems appropriate. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 60 (1974). However, in this case, the Public Law Board's decision that it "will not disturb the discipline assessed" is not relevant to the ultimate issue because the decision of Public Law Board 7598 does not address, and, as a result, would not have any impact on, the elements of a claim for denial of rights under the Rehabilitation Act. D-22-D-25. Any findings contained within the Board's decision does not tend to make any fact of consequence more or less probable

---

[1] The Court is mindful of the need to apply the four-part test prescribed by the United States Court for the Third Circuit in determining whether to admit evidence under Rule 404(b). *U.S. v. Rahamin*, 168 Fed.Appx. 512, 519 (3d Cir. 2006), citing *U.S. v. Cruz*, 326 F.3d 392, 395 (3d Cir. 2003). Because the Court finds that the subject of Plaintiff's Motion *in Limine* neither has a proper purpose nor is relevant, the Court need not address the third or fourth part of the test.

where the jury will be presented with competing versions of the facts of consequence during the trial. Therefore, admitting evidence of this finding, which was: (1) based upon an inadequate record with respect to Plaintiff's claim and the underlying facts: (2) made by arbitrators without special competence in regards to a Section 504 Rehabilitation Act claim; and (3) based upon a different standard of review than the standard the jury will employ, would be to allow irrelevant evidence to be presented to the jury. Fed.R.Evid. 402.; and

5. The trial scheduled to commence on August 24, 2015, will proceed in accordance with these rulings.

SO ORDERED, this 5th day of May, 2015,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties